J-S50042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS BROWN | |
| Appellant | No. 72 EDA 2017 |

Appeal from the PCRA Order December 12, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003491-2001, CP-23-CR-0004401-2005, CP-23-CR-0007989-2006, CP-23-CR-0006693-2008

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:　　　　　　　　**FILED SEPTEMBER 21, 2017**

Appellant, Thomas Brown, appeals from the order entered December 12, 2016, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 3, 2001, at criminal information number CP-23-CR-0003491-2001, Appellant pleaded guilty to one count of possession with intent to deliver. [1]  On April 7, 2003, Appellant was sentenced to nine to twenty-three months of intermediate punishment.  Appellant did not appeal from the judgment of sentence.  After bench warrants were issued, Appellant received two additional intermediate punishment sentences on November 26, 2002, and April 7, 2003.

---

[1] **See** 35 P.S. §§ 780-113(a)(30).

On July 17, 2007, at criminal information numbers CP-23-CR-0007989-2006 and CP-23-CR-0004401-2005, Appellant pleaded guilty to two counts of possession with intent to deliver. On October 21, 2008, Appellant was sentenced to an aggregate of five to ten years of incarceration, followed by five years of probation. Appellant did not appeal from the judgment of sentence.

On March 11, 2009, at criminal information number CP-23-CR-0006693-2008, Appellant pleaded guilty to two counts of PWID. He was sentenced to two concurrent counts of twenty-four to forty-eight months of incarceration. Appellant did not appeal from the judgment of sentence.

On March 17, 2016, Appellant *pro se* filed a petition seeking PCRA relief. In Appellant's petition, he admitted he was no longer incarcerated at criminal information numbers 3491-2001, 4401-2005, and 7989-2006. Counsel was appointed and, in September 2016, filed a ***Turner/Finley***[2] letter, averring that 1) Appellant's petition was untimely, and 2) Appellant was no longer in custody on criminal information numbers 3491-2001, 44-01-2005, and 7989-2006. The court granted counsel's petition to withdraw.

On October 20, 2016, the court issued notice pursuant to Pa.R.Crim.P. 907 that Appellant's petition would be dismissed without a hearing. Appellant requested time to respond to the notice and ***Finley*** letter, and the

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998).

court granted an extension. Appellant *pro se* filed a response, and thereafter, the court formally dismissed Appellant's petition as untimely.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review, rephrased for clarity:

> 1. The lower court abused its discretion by not allowing Appellant to respond to its notice Pa.R.Crim.P. 907.[3]
>
> 2. PCRA counsel provided ineffective assistance by filing a *Finley* letter.
>
> 3. Appellant's guilty plea was not entered knowingly, intelligently, or voluntarily, and all previous counsel were ineffective for failing to preserve this issue for Appellant.

*See* Appellant's Brief at 5.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

_____

[3] The record indicates Appellant was given and took advantage of the opportunity to respond.

To be eligible for PCRA relief, an Appellant must, at the time relief is granted, be *currently serving* a sentence of imprisonment, probation, or parole for the crime. ***See Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013); ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). It is unclear from the record whether Appellant is still serving his sentences. In Appellant's PCRA petition, he claimed that he has completed his sentences at docket numbers CP-23-CR-0003491-2001, CP-23-CR-0004401-2005, and CP-23-CR-0007989-2006. If so, he is no longer eligible for PCRA relief at those dockets. It is equally unclear from the record whether Appellant is still serving his sentence at CP-23-CR-0006693-2008. His correspondence indicates that he is in federal custody, and he has made no assertions as to his sentence at this docket number. If Appellant has completed his sentence then, likewise, he is not eligible for PCRA relief. Regardless of the status of his incarceration, Appellant's petition is untimely.

The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[4] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. *See Bennett*, 930 A.2d at 1267. Appellant has failed to plead or allege any of the three exceptions. Instead, he argues that the untimeliness of his petition is excused by equitable tolling, a concept our courts do not recognize in the context of PCRA time limitations. *See*, *e.g.*,

_____

[4] Appellant's judgment of sentences became final at 3491-2001 on May 7, 2003; at 4401-2005 and 79890-2006 on November 21, 2008; and at 6693-2008, on April 10, 2009, at the expiration of his thirty days to file a direct appeal. *See* Pa.R.A.P. 903; *see also Concordia*, 97 A.3d at 366; *see also* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Thus, Appellant's petition is untimely by over eleven, six, and five years, respectively.

*Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (noting that the PCRA time limitations period is not subject to the doctrine of equitable tolling).

Accordingly, the PCRA court's determination that Appellant's petition is untimely and meets no timeliness exception is supported by the record and free of legal error.  *Ragan*, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017